T.C. Memo. 2000-238


UNITED STATES TAX COURT


J. ERIK AND CARRIS J. KOCHER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4938-99.                        Filed August 4, 2000.


J. Erik Kocher and Carris J. Kocher, pro sese.

<u>Carol-Lynn E. Moran</u>, for respondent.


MEMORANDUM OPINION


DEAN, <u>Special Trial Judge</u>:  Respondent issued a notice of
deficiency to petitioners for taxable year 1997.  In the notice,
respondent determined a deficiency of $1,688 in Federal income
tax and an accuracy-related penalty of $338 under section

6662(a).[1]  Respondent later raised a new issue and asserted an increased deficiency of $6,520 and an accuracy-related penalty of $1,304.

The issues for decision are:  (1) Whether petitioners are entitled to 10 dependency exemption deductions for their children; (2) if petitioners are entitled to the deductions, whether they are liable for the alternative minimum tax; and (3) whether petitioners were negligent, disregarded rules or regulations, or substantially understated their income tax.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.  Petitioners resided in Glen Mills, Pennsylvania, at the time their petition was filed.

Petitioners claimed dependency exemption deductions for their 10 children on their joint 1997 Form 1040, U.S. Individual Income Tax Return.  Petitioners wrote "NA" in the section provided for listing the Social Security numbers (SSN's) of claimed dependents.  Petitioners' children are all U.S. citizens under the age of 18 and do not have SSN's.

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency determining that petitioners were subject to the alternative minimum tax prescribed by section 55 on account of the number of dependency exemptions claimed for their children. Petitioners filed a timely petition for redetermination of the deficiency and later amended their petition.[2] In respondent's answer to petitioners' amendment to their petition, respondent challenged petitioners' entitlement to dependency exemption deductions for their children because of petitioners' failure to provide SSN's for their children, and respondent asserted an increased deficiency and an increased addition to tax under section 6662(a). Resolution of the dependency exemption issue in favor of respondent will resolve the alternative minimum tax issue; if petitioners are not entitled to the dependency exemptions, they are not subject to the alternative minimum tax.

## Discussion

Taxpayers are entitled to claim an exemption for each child who qualifies as a dependent under sections 151 and 152. Section 151(e) provides: "No exemption shall be allowed under this section with respect to any individual unless the TIN of such

---

[2] By order dated August 4, 1999, the Court construed petitioners' amendment to make a claim for an overpayment of tax for tax year 1997.

individual is included on the return claiming the exemption."[3]

A "TIN" is "the identifying number assigned to a person under section 6109." Sec. 7701(a)(41). Section 6109(d) provides that the SSN issued to an individual is the identifying number of the individual, except as otherwise specified under applicable regulations. The regulations specify that individuals required to furnish a TIN must use an SSN unless the individual is not eligible to obtain an SSN or unless the individual is required to use an employer identification number. See sec. 301.6109-1(a)(1)(ii)(A), (B), and (C), Proced. & Admin. Regs. "Any individual who is duly assigned a social security number or who is entitled to a social security number will not be issued an IRS individual taxpayer identification number." Sec. 301.6109-1(d)(4), Proced. & Admin. Regs. All U.S. citizens are eligible to receive SSN's. See 20 C.F.R. sec. 422.104 (2000).

Respondent bears the burden of proof with respect to new matters not raised in the notice of deficiency; thus, respondent must establish that petitioners are not entitled to the exemptions they claimed for their children. See Rule 142(a). The parties have stipulated that petitioners' children are U.S. citizens, and petitioners do not contend that their children are

---

[3] Sec. 151(e), which was added to the Code by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1615(a)(1), 110 Stat. 1853, generally applies to returns due on or after Sept. 19, 1996.

ineligible for SSN's.  Thus, under section 151(e) and the applicable regulations, petitioners cannot properly claim dependency exemption deductions for their children unless they provide SSN's for them.  Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioners, however, ask the Court to find that section 151(e) is "invalid because of its obvious coercive and irrelevant nature" or to require the IRS to issue individual taxpayer identification numbers for their children.  They are opposed to having SSN's assigned to their children because they conscientiously object to obligating their children "to an irrevocable contract" and "believe it is not right to indenture minors for life."

We recently held that the SSN requirement is the least restrictive means of achieving the Government's compelling interests in implementing the Federal tax system in a uniform, mandatory way and in detecting fraudulent claims to dependency exemptions.  See Miller v. Commissioner, 114 T.C. __ (2000); Davis v. Commissioner, T.C. Memo. 2000-210.  In Miller and in Davis, the taxpayers raised religious objections to the use of SSN's.  We explicitly rejected the taxpayers' suggestion that the

Commissioner could accommodate their religious beliefs by issuing individual taxpayer identification numbers for their children because it would be a less effective means of detecting fraud than requiring SSN's.  See <u>Miller v. Commissioner</u>, <u>supra</u>; <u>Davis v. Commissioner</u>, <u>supra</u>.

We do not question the sincerity of petitioners' objections to obtaining SSN's for their children.  Petitioners, however, are not entitled to the benefit of dependency exemption deductions afforded by section 151 unless they obtain the SSN's clearly required by section 151(e).  See <u>Miller v. Commissioner</u>, <u>supra</u>; <u>Davis v. Commissioner</u>, <u>supra</u>.  Accordingly, we uphold respondent's determination that petitioners are not entitled to dependency exemption deductions for their 10 children.

Respondent has conceded that if petitioners are not entitled to dependency exemption deductions, they are not liable for the alternative minimum tax.  We therefore turn our attention to petitioners' liability for an addition to tax under section 6662(a).

Section 6662(a) imposes a penalty of 20 percent of the portion of an underpayment attributable to negligence or disregard of rules or regulations or attributable to any substantial understatement of income tax.  See sec. 6662(b)(1) and (2).  "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal

Revenue Code, and "disregard" is defined as any careless, reckless, or intentional disregard. Sec. 6662(c). An understatement of income tax is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. See sec. 6662(d). For purposes of this computation, the amount of the understatement is reduced to the extent: (1) There is or was substantial authority for the taxpayers' treatment of an item; or (2) the relevant facts affecting an items' tax treatment were adequately disclosed in the taxpayers' return or in an attached statement, and there is a reasonable basis for the tax treatment of such item. See sec. 6662(d)(2)(B).

The accuracy-related penalty does not apply if petitioners had reasonable cause for the underpayment and acted in good faith with respect to the underpayment. See sec. 6664(c). Whether a taxpayer acted with reasonable cause and in good faith is determined case by case, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor generally is the extent of the taxpayers' effort to assess their proper tax liability. See id. An honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances may indicate reasonable cause. See id.

As respondent has the burden of proving new matters pleaded

in his answer, respondent must prove petitioners are liable for the addition to tax under section 6662(a). See Rule 142(a). At trial, Carris Kocher testified she was aware they were required to include SSN's for their children in order to obtain dependency exemptions when she and her husband filed their 1997 Federal income tax return. In claiming exemptions for their children but failing to provide SSN's, petitioners intentionally disregarded rules and regulations.

Moreover, they substantially understated their income tax. Petitioners reported tax due of $5,141 on their return. A deficiency of $6,520 resulted from the denial of dependency exemptions. There is no substantial authority for petitioners' omission of their children's SSN's on their return, nor did petitioners make adequate disclosure of the relevant facts regarding their omission. See sec. 1.6662-4(f)(2), Income Tax Regs.; Rev. Proc. 97-56, 1997-2 C.B. 582. The deficiency thus exceeds the greater of 10 percent of the tax required to be shown on their return for the taxable year or $5,000.

Petitioners do not qualify for the reasonable cause exception of section 6664(c). They had no reasonable cause to to claim exemptions for their children because they had no intention of including SSN's for the children and were aware of the SSN requirement. Petitioners are not excused from satisfying the specific statutory requirements for any deduction they claim.

We, therefore, hold that petitioners are liable for the accuracy-related penalty of section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.